161293 Elaine Brown v. United States May it please the court, the issue presented here, in this case, is not whether 924C is 3B is constitutional or unconstitutional. The issue before you this morning is whether Counsel, let's not go off on a misdirection, okay? If we decide the prior case, and you were here for arguments, in the government's favor, what is left of your case? I don't know what the predicate offense was in the case that you just heard. The predicate in this case was basically two. You just heard the argument. Answer my question. I'm sorry, Your Honor. What's left of your case if we decide in the Douglas case that the categorical approach does not apply to 924C3? Because in her case, she has no, there's no, the predicate in this case is clearly not a crime of violence. I don't know what the predicate was in the case you just heard. But in this case, she's charged with conspiracy to interfere with federal agents under 2118 U.S. Code 372 and 371. They clearly, those offenses do not have, as an element, the use of force, attempted force, or threatened force. But why, why would it turn on elements of the crime? Because the predicate, the predicate in her case, how was the jury, I want to pick up on something that you raised. Let me just help you out here. The prior case was a conspiracy to commit a Hobbs Act robbery. So it was a conspiracy charge, like the charge here, conspiracy. This is a different kind of conspiracy. The substance of offense is not Hobbs Act. The substance of offense is interfering with government operations, essentially. It wasn't the interference with government operations caused by the use of munitions, guns, booby traps. Doesn't that sort of... That was the evidence at trial. Doesn't that sound like... But the challenge here is, and I think that the court heard it, I don't know which of you raised it, the challenge here is even if you adopt the government's case-specific approach, you don't solve the Fifth Amendment problem. You don't solve the problem with the way Congress wrote the statute. Congress wrote the statute to say if an offense by its nature involves, that's the same language that the court considered way back in the Leocall versus Ashcroft. And they gave, as the prior counsel argued, they gave a common sense meaning to by its nature. That's the ordinary case. It's not specific. The government, I don't think, can really talk its way around the way Congress wrote the section 924C3B. It's that language. And even if Justice Gorsuch did not join the other four on the other issues, he clearly said the problem with the statute was the lack of fair notice. And that's a Fifth Amendment issue and that doesn't go away. And if you adopt the government's position, how are you going to instruct the jury? What guidance does, by its nature, give the trial judge to instruct the jury? My position is none. The government's position here, they rely on Barrett. Barrett is not a good case. Barrett does not discuss Leocall versus Ashcroft. It kind of finesses this sort of by its nature language. And it's, sorry. I want to go back to Judge Lynch's question. If we decide the first case in the way the government does it, it comes to us in a different guise in exactly the same way. Well, I think the circumstances are different. Obviously, I'm arguing that the government's wrong. What else can I argue? I mean, I don't think that they've addressed the statutory interpretation and I don't think they've addressed the Fifth Amendment issue. Also, Barrett is inconsistent with at least three other circuit cases now which have decided that the residual clause in 924C is unconstitutional. They applied the categorical approach. Barrett stands alone. Post-Demiah, there's now the Tenth Circuit, the D.C. Circuit, and most recently, as you can see from my Tony H.A. letter, the Fifth Circuit. They all embrace the categorical approach and they all find the residual clause to be unconstitutionally vague. We've asked you to assume that we're going to reject that view and then ask, so what's left of your case? I'm not sure I can give you a clear answer. You should have thought of it. You should have thought of an answer to that question. It's perfectly predictable that we would ask you that question. I failed to make that prediction. The position that we're taking here is nothing new. There are a considerable body of cases that are cited in our response to the government's objection to our request for a 2255 petition. They are cases involving contemporaneous misconduct and those cases are all read with a categorical approach. The government is asking you to make a radical change, to go for a principle of statutory interpretation and an application which is 28 years old and which has been adopted by the majority of circuits, as I say, including at least three since the Maya. The doctrine of constitutional avoidance only comes into play if the statute has two plausible interpretations. I submit to you that what Barrett did was a stretch and I think that Justice Kagan got it right in terms of how you interpret the language. Her interpretation is consistent with what the court said unanimously back in 2004 in Leocal. Look at what by its nature means and that calls for an ordinary case, a categorical case approach, not a case-specific approach. I just don't see how a judge is going to be able to instruct a jury if the government is to you in this case. And I do remind you, I realize you perceive it as an evasion, but I do remind you that this is up in a Moore situation. We're seeking authorization to pursue a successive writ and the standard in Moore is if we have made a prima facie showing that we have a valid constitutional claim, which I submit that we have, the statute here is written exactly the same as 16-D and we're asking you to apply a rule of construction which has been long embraced, then we've made a prima facie case and the case ought to go back to district court in New Hampshire for further consideration. So having said that, you have not been able to answer either Judge Lynch's question or mine. What happens if we adopt the government's point of view? Well, I think that she's probably denied all relief. I mean, this is a successive writ and it's a constitutional claim that didn't exist when she was convicted and sentenced in 2009. This closes the door. And the reason that Moore came down the way it did last September of last year was because if there is a claim which has been acknowledged, a writ which has been acknowledged by the Supreme Court subsequent to the original adjudication, the defendant has the right under 28 U.S. Code 2255H to come back. And if he or she makes a primary, the prima facie showing, which I submit that we have, then he or she is entitled to relief. So in this case, I don't think the court ought to make the decision based on the facts of this case that would close the door to my client. I think we probably agree with you on your Moore take. It's just the problematic issue as to if we agree with the government, like you said, you probably are not going to be entitled to relief because we'll be deciding the underlying claim against you. So if we decide Douglas in favor of the government, then there's going to be precedent which That's problematic to weigh down. I guess I haven't been clear enough in making that point. I certainly urge you not to go that way. I don't think the law supports it. And I don't think that this case should be the vehicle to pursue that. It is clear that ultimately this issue is going to be resolved by the Supreme Court. I can't imagine. There's already a split in the circuits. And I submit that this is not the time to change course if the Supreme Court goes the other way, if it embraces the dissent of Justice Thomas. That will be a major shift. But Justice Thomas on this issue in terms of jettisoning Leocald, he specifically said the court would have to overrule Leocald. And Leocald is important because it's a case of statutory interpretation, interprets the same two provisions here, admittedly, in a non-criminal case in terms of it's not exactly like this case. It's an immigration case. But the principles are there. And the statutory interpretation is there. And I urge you to I'm sorry. Thank you. Thank you, Judge. Good morning. Seth A. Fram for the United States. So the question here is how do we merits of the case, of the underlying issue, discuss, I'm happy to discuss those further, but perhaps what I should talk about is the second or successive standard under Moore and how does that apply? No. We don't want you to repeat the Douglas argument. We do want you to address whether if we were to adopt the government's position there's anything left of this case. And as part of that, you should, if you choose to do so, tell us whether we have to get into the Moore issue or whether it can be avoided. So I think you're asking me if you rule in the government's favor and determine that a case-specific approach applies, then the error that has been asserted in the pending successive petition would have been necessarily rejected and there would be no new rule of constitutional law that would then be appropriate to assert in the district court. So I think it would terminate the position of Ms. Brown and the second or successive matter. I suppose the alternative question is what happens if you rule in favor of Mr. Douglas? Should you then grant the second or successive? And I think that's a more difficult topic that I'd spend a minute talking about. So I think we have to consider, well, what is the point of the second or successive procedure? And my view of that, or the government's view, is that it is supposed to be a relatively mechanical matter. That is, the law, the new rule of constitutional law, should be generated through direct appeals or first 2255s in the Supreme Court such that to get authorization it has to be proven that at least, arguably, all the links in the chain necessary to make the argument exist from Supreme Court authority. And that's why I think, that's why I wanted to talk about Moore. Because why I think Moore was important to my argument is what the court held there was, yes, it had to be a prima facie case and there was language that that doesn't require absolute certitude. But what was discussed in Moore was all Supreme Court authority. And the question was, does the mandatory guidelines fix sentences? Because whether a sentence was fixed was very important to the Johnson analysis. And what the panel said in Moore is, we're pretty sure that Booker answered that question and said that it does fix sentences. We don't have to say we're 100% sure. We have to say we're pretty sure that's enough to send it back to the district court. But what's important about that is not the pretty sure part of that. What's important about that is they were looking to the Supreme Court. So let's say... So if we think DiMaio doesn't answer this question one way or the other, your position would be there is no Supreme Court precedent for petitioner to rely on. Correct. And let me just say that that at first glance seems terrible. Ms. Brown's never going to get her day in court. But that's not right. Because eventually that issue, as Mr. Lang just said and I agree with, will be resolved by the Supreme Court. And that will be the moment, assuming it went in her favor, for the second or successive petition. Because now we're not asking courts of appeals and district courts to decide what we heard in the first half hour here is a really difficult question. And that's really not appropriate on a second or successive petition. That's the whole point of AEDPA. Let's deal with these things through direct appeals. First 2255s. Then if there is a sea change in the law by the Supreme Court, we can fix those old cases. But we don't use those old cases to break the new ground. So he says, look, I've made out a prima facie case under Moore. And your response is, no, you haven't, because it has to be under Supreme Court precedent and there isn't any. That's right. And so that leads to what I think the discussion here started. You asked me, well, what if we rule for Ms. Brown in the Douglas case? I still, the Supreme Court still hasn't answered that critical question. Is there an ordinary case analysis? Is that applied when you have a statute that uses a residual clause in a real-time context as opposed to a retrospective context like in the ACCA, like in 16B? And you don't think it would require some more. He does have circuit precedent from other circuits, three of them now in his favor. Moore seems to be a little flexible about whether it has to be the Supreme Court that announces. So I read Moore several times, obviously, for this. And as I went, and so as I went back, I was struck by, it's Booker that they're not saying there's this hodgepodge of circuit authority out there about this. They're saying, we do think Booker answers it. We don't have to say we're sure the government's made some kind of argument about departures and maybe there's something to that. We don't really think so. But we'll let the district judge handle that in the first instance. But the core of what's being discussed is, this is what we, the panel, think Booker means. Not what the 11th Circuit said about it, not what even we said about it. It's what did And what's going to be missing here, no matter what you decide in Douglas, given the way that DeMaia came down with Judge Justice Gorsuch saying, I'm waiting for the case, we're not going to know what they think about this problem because it hasn't happened yet. And that's not to say that Ms. Brown is not going to get her day. It's just not yet. And that's important to remember. That's what the whole second or successive concept, I think, was designed to achieve again, which is not to prevent these issues. Because what's you didn't have, Douglas? And you said, well, it's a tough call. We don't know. Let's send it down to the district judge. Now, a district judge in this posture is going to be making that decision. That's not really what we want. How many years has she served on her sentence and what is the term of her sentence? She has served, it was in the mid-2000s, so we're at the 12 to 14 year time. She got 360 months. She had 420 months total. 360 months of it was on the 924C. What would happen in resentencing in this case is hard to know. Let's assume... I'm just wondering whether the Supreme Court will resolve these issues before she's out of jail. They will. She has a long sentence left. So that's the core. I mean, I understand my posture. Some of the things I might have talked about if we didn't have Douglas, I'm not going to mention them already. But my focus today really is on, as you deal with this case, consider what's required under the second or successive standard. My point is, more, I think more is the authority. It looks to the Supreme Court. They had Supreme Court authority to look to to get the question mostly answered that they needed to answer. You don't have that. You don't have that luxury here. You have a very challenging question. And that's all I need to prove today in this posture. Your use of the term luxury strikes me as maybe not quite right. Well, thank you for your time.